### AURAND v. TOL. & OHIO CENT. RY. CO.

Ohio Appeals, 6th Dist., Lucas Co.

No. 1652.    Decided March 8, 1926

1167. TENDER—When release of settlement is sought by injured party and it is alleged that tender back was made; but where subsequently the party states that she will not complete tender and refuses payment, trial court is warranted in dismissing the action.

RICHARDS, J.

This action was brought by Lucy Aurand in the Lucas Common Pleas for the purpose of setting aside a settlement of a former action to recover for personal injuries suffered by her on the claim that the settlement was brought about by fraud. The Common Pleas dismissed the petition.

Aurand it seems was injured while a passenger on one of the Company's trains, in 1914. In 1917 a settlement was made for $6000 of which $4,000 was paid to Aurand and the balance to her attorneys. This settlement it was claimed was obtained by fraud. It was alleged that a tender of the amount of the settlement was made to the Company together with interest.

Counsel for the Company stated that it was willing to accept said tender but counsel for plaintiff stated that they would not complete the tender and refused to make payment. On error proceedings, the Court of Appeals held:

1. The action of the trial judge in dismissing the suit without hearing further testimony than that of Aurand was required by law.

2. When counsel for Aurand stated in open court that the amount tendered would not be paid, the effect was to leave the case as if no tender had ever been made.

3. No offer was ever made by Aurand to pay any amount which the court might name as a condition of setting aside the release, either in the pleadings or on trial; so that it could hardly be expected that equity would set aside the release without, at the same time, providing for payment of the amount which had been received as a consideration for its execution.

4. It would be futile for the court to proceed with the trial to determine whether the release should be cancelled and set aside under the circumstances.

Judgment affirmed.

Attorneys—C. A. Thatcher and C. A. Meck for Aurand; Doyle & Lewis and Robt. Newbegin for Company; all of Toledo.

---

## No. 504

### WISE FURNACE CO. v. AKRON GUAR. MTG. CO.

Ohio Appeals, 9th Dist., Summit Co.

No. 1116.    Decided March 29, 1926

755. MECHANIC'S LIEN—1. The debt which forms the basis for a lien is not required to be the debt of a particular person.

2. It is a debt of the owner, and substitution of another owner will not discharge such indebtedness.

WASHBURN, J.

Frank Fay, owner of a piece of property contracted with the Wise Furnace Co. for installation of a furnace. While such furnace was being installed the Akron Guaranteed Mtg. Co. took a mortgage on said property.

After completion of the furnace, Fay sold the property to one Gersh, who agreed to pay the mortgage and the bill for the furnace. The furnace company had not yet filed its lien. It credited Fay with the amount of said bill and charged same to Gersh.

The bill not being paid the furnace company filed its lien according to statute within the statutory period. The Mtg. Co. contends that because Fay was credited with the amount of the claim the furnace company lost its right to perfect its lien against the property. Summit Common Pleas refused to support this contention. On appeal the court of appeals held:

1. The debt which forms the basis for a lien is not required to be the debt of a particular person.

2. It is a debt of the owner of the property subject to the lien, and such debt is not discharged by substitution of owners.

3. The lien having been perfected in time is a valid and subsisting lien.

Decree entered accordingly.

Attorneys—Whittemore & Motz for Wise Furnace Co.; Burch, Bacon & Denlinger for Akron Guaranteed Mtg. Co.; all of Akron.